ATKINS v. PUMILA

(November 30, 1931. Opinion and Decree.)
(December 14, 1931. Rehearing Refused.)

Henry J. Rhodes and Jose Morales, of New Orleans, attorneys for plaintiff, appellee.

S. G. Wimberly, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff seeks to recover for personal injuries sustained, according to the allegations of her petition, when she was attacked and struck with a stick by defendant.

Defendant denies that he struck plaintiff, though he admits that he had an altercation with plaintiff's employer on the morning in question.

The amount claimed in the petition is $300 and the trial court awarded plaintiff judgment for $120.

Only questions of fact are involved and while it is true that the judgment of the trial court should not be reversed unless there appears manifest error, a very careful study of the transcript convinces us that such error does appear and that the judgment should be reversed.

The witnesses on behalf of plaintiff, who testified that defendant struck her, are about equally balanced numerically by those on behalf of defendant who testified to the contrary, but, many peculiarities, most suspicious, appear in the testimony on behalf of plaintiff and lead us to the conclusion that the attack, as testified to by plaintiff, did not occur and that she is seeking to recover from defendant for injuries which, if she sustained them at all, resulted from an earlier fall and not from an encounter with defendant.

In the first place, both plaintiff and her doctor testified that the attack took place on October 22nd, which is manifestly the wrong date, and the fact that both fixed the same day, though the witnesses were

separated and did not hear one another testify, is, in itself, suspicious, particularly as it is quite certain that plaintiff did sustain some sort of an injury earlier than October 27th, which is the day on which the altercation between defendant and plaintiff's employer took place.

Another most suspicious circumstance is that plaintiff testified that she limped as the result of being hit on the foot by the stick wielded by defendant. Her employer, Jones, who seems most anxious to assist her in recovery, testified that he did not know that she limped but that she had had an earlier fall and intimated that that possibly accounted for the limp.

Plaintiff's doctor's testimony is rather amusing. At the opening of his evidence, when asked if he was a doctor, he immediately stated that he could prove that by producing his diploma and did so, having brought his diploma, frame and all, to court.

Plaintiff testified that she had paid her doctor $12 and probably owed him about $50 in all. The doctor, however, stated that he had been paid in full, but that he was testifying as an expert and that if plaintiff was successful, his expert fee would not exceed $100.

Grant Grout, a witness for plaintiff, who testified to frequent visits to Jones' store, stated that it was a grocery store, whereas it is conceded by all parties that Jones is in the business of selling only second-hand furniture.

Another statement of Mrs. Atkins, plaintiff, is that she did not reside at 639 St. Ann street, which is the store and home of Jones, for whom she worked, but that she resided at 820 Market street, whereas we believe that the evidence preponderates to the effect that she does reside at the Jones home at 639 St. Ann street.

Any one of these suspicious circumstances might not be sufficient to justify us in branding as false plaintiff's statements, but all together leave us no alternative and we find ourselves unable to believe that plaintiff's story is true.

The judgment appealed from is reversed and plaintiff's suit is dismissed, at her cost.